UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**M31 Capital Management, LLC** and
**M31 Ventures LLC Series SPV P**,

Plaintiffs,

-against-

**Heidelberger Beteiligungsholding AG** and
**WAOW Entrepreneurship GmbH**,

Defendants.

Civil Action No. 25-9890

**COMPLAINT**

Plaintiffs **M31 Capital Management, LLC** and **M31 Ventures LLC Series SPV P** ("**M31**" or **Plaintiffs**"), by their undersigned counsel, bring this breach of contract complaint against Defendants **Heidelberger Beteiligungsholding AG** ("**HBH**") and **WAOW Entrepreneurship GmbH** ("**WAOW**" and together with **HBH**, the "**Defendants**") and allege as follows.

## NATURE OF THE ACTION

1. This is a simple breach of contract action.

2. Defendants entered into a **Repo Token Sale and Option Agreement** (the "**Contract**") with M31 on August 4, 2025, whereby M31 purchased 15,000,000 tokens from Defendants in exchange for Defendants' written agreement to repurchase those tokens in three months, at M31's option, for at least $1,800,000.

3. But when M31 exercised their option, Defendants breached their obligations under the Contract and refused to make the required payment.

4. Plaintiffs seek recovery from this Court of the guaranteed purchase price plus the agreed contractual interest of 25% per annum calculated daily and compounded monthly (up to the maximum legal rate) until the purchase price is paid in full.

**PARTIES**

5. Plaintiff M31 Capital Management, LLC is a limited liability company organized under the laws of Connecticut with its principal place of business in this District.

6. Plaintiff M31 Ventures LLC Series SPV P is a series limited liability company organized under the laws of Delaware with its principal place of business in this District.

7. Defendant HBH is a joint stock corporation organized under the laws of Germany, with offices at Ziegelhäuser Landstraße 3, 69120 Heidelberg, Germany. HBH does business in New York.

8. Defendant WAOW is a limited liability company incorporated under the laws of Germany, with offices at Linienstraße 86, 10119 Berlin, Germany. WAOW does business in New York.

9. Christoph Holschbach is the CEO of Defendant HBH and signed the Contract on behalf of HBH. Holschbach is one of two members of HBH's Management Board and is solely authorized to represent HBH.

10. Wanja Oberhof is the CEO of WAOW and signed the Contract on behalf of WOAW.

**JURISDICTION AND VENUE**

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of USD$75,000, exclusive of interest and costs, and the controversy is between citizens or subjects of a foreign state and citizens of a State.

12. This Court has personal jurisdiction over each of the Defendants pursuant to CPLR 301 as they conduct business in New York County, pursuant to CPLR 302 because the cause of action asserted herein arises directly from Defendants' conduct that occurred in New York State and this County, and pursuant to CPLR 302 because Defendants have sufficient minimum contacts with New York State.

13. Venue is proper in this district in accordance with 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

14. In addition, Defendants agreed in the Contract to the jurisdiction of the federal courts in New York County.

## FACTUAL BACKGROUND

### Defendants Approached M31 for a Loan

15. In the summer of 2025, Defendants, through Oberhof and/or Holschbach, reached out to M31 seeking an investment to support Defendants' operations and reorganization efforts.

16. The parties agreed to a transaction that would provide Defendants with short-term capital.

17. The transaction would be structured as a sale of tokens by Defendant WAOW to M31 for $1,500,000, M31 paying the purchase price to Defendant WAOW, an option for Defendant HBH to purchase the tokens from M31 at a price of $3,300,000 at a time of HBH's choice in the three months following the sale, and Defendant HBH's obligation to purchase the tokens from M31 at a price of at least $1,800,000 after three months if M31 elected to sell the tokens and gave notice to Defendants.

18. Before entering into the transaction, M31 performed diligence on Defendants, including confirming their corporate structure and capitalization in Germany and the authorization

of Holschbach and Oberhof as directors and officers to act for Defendants HBH and WAOW, respectively.

19. In addition to its diligence, M31 required Defendants to make representations and warranties as to their organization, existence, good standing, and ability to perform in the Contract.

20. M31 also required Defendant HBH to guarantee all of Defendant WAOW's contractual obligations.

**Defendants and M31 Entered into the Contract**

21. On or about August 4, 2025, the parties executed the Contract.

22. The Contract set out the terms of the transaction.

23. Plaintiffs M31 Capital Management, LLC and M31 Ventures LLC Series SPV P are the "**Buyer**" or "**Buyers**" under the Contract.

24. Plaintiffs M31 purchased 15,000,000 Subsquid (SQD) tokens (the "**Tokens**") from Defendant WAOW for a total purchase price of USD 1,500,000 (the "**Purchase Price**").

25. Plaintiffs M31 paid the Purchase Price on August 4, 2025.

26. During the following three-month period (the "**Lockup Period**"), M31 agreed to "not sell the Tokens to a third-party purchaser and Defendant HBH agreed to "maintain an unencumbered treasury holding of at least USD 1,500,000." Section 1.2.

27. The Contract provided Defendant HBH with the option to repurchase the Tokens (the "**Call Option**") before the end of the Lockup Period at a premium price of $3,300,00 (the "**Call Price**"). Section 3.1.

28. If the Call Option was not exercised, then after the expiration of the Lockup Period M31 could exercise a "**Put Option**" to sell to HBH all the Tokens at the greater of $1,800,000 or 95% of the volume-weighted average market price of the Tokens over the previous 7 calendar days (the "**Put Price**"). Section 2.1.

29. M31 had five business days after the expiration of the Lockup Period to exercise the Put Option. Section 2.2.

30. Once M31 exercised the Put Option, the Contract required HBH to pay Plaintiffs the Put Price within five (5) Business days of receiving written notice from Plaintiffs that they were exercising the Put Option. Section 2.3.

31. The language of the Contract leaves no question as to this obligation: "In the event the Buyer [M31] exercises the Put Option, HBH shall be obligated to purchase the Tokens within five (5) Business Days of receiving written notice (email being sufficient) of such exercise." Section 2.3.

32. If HBH failed to make the required payment within the five business days, interest at the rate "equal to the lesser of (x) 25% per annum and (y) the maximum rate permitted by applicable law" would begin to accrue until the Put Price was paid in full. The interest is calculated daily and compounded monthly until the Put Price is paid in full. Section 2.5.

33. HBH guaranteed all of WAOW's obligations under the Contract. Section 4.2.

34. The parties agreed that New York law governs the Contract and that all disputes arising out of or in connection with the Contract are subject to the exclusive jurisdiction of the federal courts located in New York. Section 5.1.

**M31 Gave Defendants Notice that M31 was Exercising the Put Option**

35. On September 24, 2025, as a courtesy, M31 advised Defendants by email that M31 would be exercising the Put Option under the Contract. The email stated that M31's "intent is to exercise the put option on November 5."

36. Again on October 9, 2025, as a courtesy, M31 advised Defendants by email that M31 would be exercising the Put Option under the Contract. M31 sent the email to "ensure we're all on the same page and there's no ambiguity."

37. The email stated: “M31 capital intends to exercise the put option, as outlined in the agreement, on November 5th (27 days from today).”

38. Defendants confirmed receipt and the understanding that M31 would exercise the Put Option, triggering HBH’s obligation to purchase the tokens.

39. The Lockup Period ended on November 5, 2025.

40. On November 5, 2025, M31 gave Defendants formal notice by email of M31’s exercise of the Put Option under the Contract.

41. The Put Price was $1,800,000 as calculated in accordance with Section 2.1 of the Contract.

42. With the notice, M31 provided its USDC (digital) payment instructions.

43. As provided by Section 2.3 of the Contract, M31’s notice triggered HBH’s obligation to pay the Put Price of $1,800,000 to M31 within five business days, or by November 13, 2025 at the latest.

44. M31 sent formal notice again by email on November 7, 2025, and provided USDC and wire payment options.

**HBH Failed to Pay the Put Price**

45. Beginning on November 7, 2025, Oberhof, by email, message, and video call, made various promises, claims, and obfuscations to M31 about Defendants honoring their obligations under the Contract. All have proven false.

46. Most recently, Oberhof promised that Defendants would make a partial payment of the Put Price by November 18, 2025.

47. HBH has paid no part of the Put Price to M31.

48. WAOW has paid no part of the Put Price to M31.

49. As of the filing date of this Complaint, M31 has received no payment of the Put Price or any interest accrued on the Put Price.

**FIRST CAUSE OF ACTION**
**(Breach of Contract against all Defendants)**

50. M31 restates and realleges each of the foregoing paragraphs as if fully set forth herein.

51. Plaintiffs and Defendants are parties to the Contract, which is a valid, binding, and enforceable contract supported by consideration.

52. Plaintiffs have fulfilled all of their obligations to Defendants under the Contract and are in full compliance with all the terms of the Contract.

53. Plaintiffs have demanded that Defendants make the payment of the Put Price due to them as provided for by Section 2.3 of the Contract.

54. Defendant HBH has breached the Contract through its failure and refusal to make the payment of the Put Price due to Plaintiffs under the terms of the Contract.

55. Under Section 2.5 of the Contract, interest accrues daily on the unpaid Put Price at the rate of 25% per annum, calculated daily and compounded monthly until paid in full.

56. Defendants' breaches of their contractual obligations have prevented Plaintiffs from obtaining the benefits of the Contract.

57. Instead, Plaintiffs have incurred costs and attorneys' fees in their attempts to enforce their contractual rights.

58. As a result of Defendants' breaches, Plaintiffs have been and continue to be damaged in the amount of the payment due by November 13, 2025 of $1,800,000 plus interest at the rate of 25% per annum calculated daily and compounded monthly (up to the maximum legal rate).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, and in favor of M31 as follows:

(a) Awarding M31 breach of contract damages in an amount to be determined at trial but not less than $1,800,000;

(b) Awarding M31 pre-judgment interest, post-judgment interest, and costs and disbursements of this action; and

(c) Granting M31 such other and further relief as this Court deems just and proper.

Dated: New York, New York
November 26, 2025

**FRAZER + BLASE, P.C.**

By: *__/s/ Kristie M. Blase__*
Kristie M. Blase
11 Broadway, Suite 615
New York, New York 10004
Kristie.Blase@FrazerPC.com

*Counsel for Plaintiffs M31 Capital Management, LLC and M31 Ventures LLC Series SPV P*